MICHAEL W. DOTTS, ESQ., F0150
DOTTS LAW OFFICE
Suite 208, DHL Building
Middle Road, Chalan Lau Lau
PO Box 505979
Saipan, MP 96950
Tel.: (670) 234-1600
mdotts@dottslaw.law

*Attorney for Plaintiff Bridge Capital, LLC*

FILED
Clerk
District Court

SEP 0 7 2022

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| BRIDGE CAPITAL, LLC, | CIVIL CASE NO. CV 22-00012 |
| Plaintiff, | |
| vs. | COMPLAINT |
| DAVID A. WILSON, | |
| Defendant. | |

COMES NOW Plaintiff Bridge Capital, LLC, by and through undersigned counsel, and hereby alleges as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are citizens of different states and the amount at stake is more than $75,000.

2. Venue in the Northern Mariana Island District is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District.

## II.
## PARTIES

3. Plaintiff BRIDGE CAPITAL, LLC is a Commonwealth of the Northern Mariana Islands limited liability company ("Bridge"), which at all times relevant, maintained its principal place of business in the Commonwealth of the Northern Mariana Islands (the "CNMI").

4. On information and belief, it is alleged that Defendant DAVID A. WILSON is a United States citizen domiciled in the State of California.

## III.
## FACTS

5. Bridge holds a CNMI license for lending and financial services and is authorized to make loans in the CNMI.

6. Wilson had done work for Bridge and was familiar with Bridge.

7. On September 22, 2018, Wilson sought a loan in the amount of $150,000 from Bridge.

8. On September 24, 2018, Bridge agreed to loan Wilson $150,000 and the parties entered into and executed a promissory note (the "Note"). A true and correct copy of the Note is attached as **Exhibit 1**.

9. As stated in the Note, Wilson borrowed $150,000, plus 16.67 points, equating to an additional $30,000, for the origination of the loan. The $30,000 in points was added to the principal balance of the Note, bringing the total balance owed to $180,000.

10. Full payment of the Note was due on the maturity date of the Note (December 24, 2018).

11. Interest did not accrue on the Note before the maturity date.

12. Interest on the Note began to accrue on the maturity date at the rate of 24%, compounded monthly, or the maximum rate allowed by CNMI law. Under CNMI law, a licensed lender like Bridge may charge up to 34% compound interest. 4 CMC §60151(2). Therefore, the applicable interest rate after the maturity date would be 24% compounded monthly if Wilson did not repay the Note by the maturity date.

13. Bridge disbursed the loan proceeds to Wilson's attorney in Hawaii on September 24, 2018, per the instructions of Wilson.

14. As security for repayment of the Note, Wilson gave Bridge a post-dated check in the amount of $180,000, drawn on Wilson's personal checking account at Central Pacific Bank.

15. Wilson did not repay the Note on or before December 24, 2018.

16. Bridge deposited the post-dated check that Wilson had provided as security for the Note at First Hawaiian Bank on January 7, 2019. Wilson's check bounced on January 11, 2019, for the stated reason of "Not Sufficient Funds."

17. As a result of the failure of Wilson's check to clear, all amounts due under the Note began accruing interest at the rate of 24%, compounded monthly.

18. After Wilson's check bounced, Plaintiff asked Wilson to repay the Note.

19. On January 15, 2019, Wilson asked for seven more days to pay the Note.

20. Seven days later, Wilson had not repaid the Note.

21. Six weeks later, Bridge again asked Wilson to repay the Note.

22. Wilson asserted that some health issues had gotten him off track and that Bridge would be paid within the week.

23. Seven days after that, Wilson still had not repaid the Note.

24. As of the date of this Complaint, Wilson has not made any payments toward the sum due on the Note.

25. Wilson is liable for the reasonable attorney's fees and costs of Plaintiff in collecting on the Note.

26. Wilson is liable to Plaintiff for an additional sum equal to 10% of the amount due on the maturity date as a late payment fee.

27. As a result of Wilson's continued failure to repay the Note, an amount of money not less than $450,000 is owed by Wilson to Bridge.

28. On May 25, 2022, Bridge redeposited Wilson's $180,000 check.

29. On May 27, 2022, Bridge learned that the account upon which the check was drawn had been closed and that there were no funds available for payment of the check.

## III.
## CAUSES OF ACTION

**A.   Breach Of Contract**

30. The Note is a binding contract supported for bargained for consideration.

31. The Note is a lawful contract under the law applicable to CNMI lenders and financial service companies.

32. Bridge performed all of its obligations under the Note by disbursing the loan proceeds as directed by Wilson.

33. Wilson received good and valuable consideration in the form of $150,000, sent to his attorney as he had directed.

34. Wilson knowingly and voluntarily entered into the Note and agreed to its terms.

35. Wilson substantially breached the Note by failing to repay all sums due under the Note on or before December 24, 2018, the maturity date stated in the Note.

36. Wilson has, without justification, refused to pay the amount due under the note despite repeated demand.

37. As a result of Wilson's failure to repay the Note, Bridge has been damaged in the amount of $489,418.79, as of September 1, 2022.

**B.  Quantum Meruit**

38. As an alternative relief to the Breach of Contract claim, Bridge seeks damages based on quantum meruit.

39. Bridge rendered service to Wilson by lending him money in an amount of $150,000.

40. Wilson expressly requested the services and agreed to the term of the service provided and the payments he supposed to make.

41. Under circumstances in this case, it is reasonable for the Bridge to expect payment from Wilson.

42. Wilson is liable to Bridge in the amount of $489,418.79, as of September 1, 2022, in quantum meruit.

**C.  Unjust Enrichment**

43. As alternative relief to the Breach of Contract claim, Bridge seeks to recover under the cause of action of unjust enrichment.

44. Wilson was enriched by borrowing money from Bridge without paying it back.

45. The enrichment came at Bridge's expense as the funds loaned to Wilson belonged to Bridge.

46. Equity and good conscience militate against permitting Wilson to retain what Bridge seeks to recover.

47. Wilson therefore is liable to bridge under the theory of unjust enrichment in the amount of $489,418.79, as of September 1, 2022.

## IV.
## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant, as follows:

A. For general damages, in an amount at least $489,418.79, comprising of principal, compounded interest, and the late fee, in accordance with proof.

B. For reasonable attorney's fees and costs as provided for in the Note, in accordance with proof.

C. For such other and further relief as the Court deems just and proper.

Date: September 2, 2022.

Respectfully submitted,

By: _____
Michael W. Dotts
Attorney for Plaintiff Bridge Capital, LLC