F I L E D
Clerk
District Court
AUG 09 2023
for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

BRIDGE CAPITAL, LLC,

          Plaintiff,

v.

DAVID A. WILSON,

          Defendant.

CASE NO. 1:22-cv-00012

**DECISION & ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER FED. R. CIV. P. 55(b)(1)**

      Plaintiff Bridge Capital, LLC ("Bridge Capital") moves for default judgment against Defendant David A. Wilson ("Wilson") pursuant to Federal Rule Civil Procedure 55(b)(1) (ECF No. 12), supported with a declaration by its attorney, Michael W. Dotts (ECF No. 12-1). Bridge Capital seeks default judgment for an alleged sum certain prayed for in the First Amended Complaint in the amount of $489,418.79. For the reasons below, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion.

## I.    BACKGROUND

      Bridge Capital first initiated this action against Wilson for breach of contract or in the alternative quantum meruit/unjust enrichment in September 2022. (Compl., ECF No. 1.) After the Court sua sponte dismissed the original complaint based on jurisdictional deficiencies, Bridge Capital submitted an amended complaint asserting the same causes of action (ECF No. 4) and satisfactorily addressing the jurisdictional deficiencies. In summary, Bridge Capital asserts that Wilson signed a promissory note in exchange for a loan totaling $150,000 plus an additional 16.67 points for an additional $30,000 for a total of $180,000 balance owed pursuant to the promissory note. (First Am. Compl. ¶ 10.) Wilson has failed to pay back that amount, inclusive of interest charged at 24% per annum (Ex. A, Promissory

Note 1, ECF No. 4-1). Thus, according to Bridge Capital, Wilson owes a total of $489,418.79 as of September 1, 2022 (First Am. Compl. ¶ 38).

The Court entered default for Wilson's failure to appear or otherwise defend pursuant to Federal Rule of Civil Procedure 55(a) on August 2, 2023. (ECF No. 10.) Bridge Capital subsequently filed the instant motion.

## II.   LEGAL STANDARD

Rule 55(b)(1) states that if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment in the amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "[A] claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 929 (9th Cir. 2004) (citing *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003)).

## III.   DISCUSSION

Bridge Capital's supporting declaration does not indicate whether Defendant Wilson is (1) a minor or incompetent person pursuant to Rule 55(b)(1), or (3) a protected service member pursuant to 50 U.S.C. § 3931. Accordingly, the Court may deny Bridge Capital's motion on these bases.

The Court also denies Bridge Capital's motion because there is no sum certain or sum that can be made certain by computation and doubt still remains as to the amount Bridge Capital is entitled to.

As an initial matter, the Court may not accept as true the complaint's allegations of damages. *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of

damages, will be taken as true."); *see also City of Umatilla v. Chacon*, Case No. 2:22-cv-01841-HL, 2023 U.S. Dist. LEXIS 107053, at *10 (D. Or. May 15, 2023) (declining to accept as true the complaint's allegations of damages but nevertheless finding a sum certain based on copies of invoices and a declaration). Here, the supporting declaration in Bridge Capital's motion for default judgment simply states: "Plaintiff hereby prays that a Default Judgment be entered against Defendant and that said Defendant can be held liable to pay Plaintiff the amount of $489,418.79 *as prayed for in the Amended Complaint*." (Decl. Dotts ¶ 4, ECF No. 12-1 (emphasis added).) Even if the Court were to rely on the First Amended Complaint, it appears to have discrepancies between it and the promissory note. Specifically, the First Amended Complaint states that interest would be at 24% compounded *monthly* (First Am. Compl. ¶¶ 13, 18, ECF No. 4); however, the Promissory Note states that interest would be at 24% per *annum* (Ex. A at 1, ECF No. 4-1). The Court cannot rely on the complaint for its allegations regarding damages, and even if it did, its computations would be contradicted by the supporting exhibit, the Promissory Note.

Furthermore, the declaration in support of Bridge Capital's motion is deficient to demonstrate its computation of the requested amount totaling $489,418.79. Rather, the declaration states in one conclusory statement that Bridge Capital is entitled to damages in said amount. The Court could rely on the Promissory Note to compute the sum, but the Court's computations does not add up to the $489,418.79 requested. *Cf. Sunbelt Rentals, Inc. v. Pac. Ship Repair*, Case No. 22-cv-0047-AGS-AHG, 2023 U.S. Dist. LEXIS 97715, at *1 (S.D. Cal. Apr. 4, 2023) ("The complaint's exhibits and a declaration from . . . plaintiff's Corporate Collections Manager, provide a detailed breakdown of the sums owing due to defendant's default."). Failing to provide a declaration to support a calculation is insufficient to show that the request for damages establishes a sum certain. *See Burzynksi v. Dirt Kart, Inc.*, Case No. 2:22-cv-00500-BLW, 2023 U.S. Dist. LEXIS 85911, at *2-3 (D. Idaho May 12, 2023)

(providing computation in motion without supporting declaration or other documentation is fatal). Furthermore, there is no declaration of any representative of Bridge Capital, save for its attorney. *See Peoples Bank v. Norcoaster*, Case No. 2:22-cv-00127-RAJ, 2023 U.S. Dist. LEXIS 113628, at *1 (W.D. Wash. June 30, 2023) ("Plaintiff relies on the declaration of Ivan Dochovski, its Vice President and Credit Risk Manager."). Without more, the Court cannot find that a sum certain exists to warrant default judgment under Rule 55(b)(1). *See Franchise Holding II*, 375 F.3d at 929 ("Franchise Holding presented the clerk with loan documents that set forth the specific formulas for determining the amount owed. It also provided documents setting forth the various amounts necessary for calculating the total amount due.").

### IV.     CONCLUSION

For the foregoing reasons, the Court finds that the present record does not warrant default judgment at this time. Therefore, the Court DENIES WITHOUT PREJUDICE Plaintiff Bridge Capital, LLC's motion for default judgment (ECF No. 12).

IT IS SO ORDERED this 9th day of August, 2023.

_____
RAMONA V. MANGLONA
Chief Judge